UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

MICHAEL YOUNG,

        Plaintiff,

v.

Warden R. L. MORRISON,
Unit Manager DAVID BAKER, and
Case Manager J. WITTE,

        Defendants.

Civil File No. 06-3098 (JNE/JJG)

**REPORT AND RECOMMENDATION**

        This matter is before the undersigned United States Magistrate Judge on Plaintiff's request for leave to proceed in forma pauperis, ("IFP"), as permitted by 28 U.S.C. § 1915(a). (Docket No. 2.) The matter has been referred to this Court for report and recommendation under 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, it is recommended that Plaintiff's IFP application be denied, and that this case be dismissed without prejudice.

        Plaintiff, an inmate at the Federal Prison Camp in Duluth, Minnesota, commenced this action on July 25, 2006, by filing a complaint seeking relief for alleged violations of his rights under federal law. (Docket No. 1.) He did not pay the $350 filing fee required by 28 U.S.C. § 1914(a), but instead applied for leave to proceed IFP.

        Because Plaintiff is a prisoner, his IFP application is subject to the requirements of the Prison Litigation Reform Act of 1995, ("PLRA"). This means, inter alia, that he must pay an initial partial filing fee pursuant to 28 U.S.C. § 1915(b)(1).

In this case, the initial partial filing fee that Plaintiff is required to pay under the formula prescribed by § 1915(b)(1) is $34.14.  However, Plaintiff did not tender his initial partial filing fee with his complaint and IFP application.  Therefore, by order dated July 31, 2006, (Docket No. 3), Plaintiff was directed to pay his initial partial filing fee of $34.14 within twenty days. The Court's order expressly advised Plaintiff that if he failed to pay the prescribed amount within the time allowed, he would be deemed to have abandoned this action, and it would be recommended that his case be dismissed pursuant to Fed. R. Civ. P. 41(b), for failure to prosecute.

The deadline by which Plaintiff was required to pay his initial partial filing fee has now passed, and Plaintiff has not tendered the payment due.  Indeed, Plaintiff has not communicated with the Court at all since this action was filed.  Therefore, in accordance with the Court's prior order of July 31, 2006, it is now recommended that Plaintiff be deemed to have abandoned this action, and that the action be dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b).  See In re Smith, 114 F.3d 1247, 1251 (D.C.Cir. 1997) (failure to pay initial partial filing fee required by § 1915(b)(1) "may result in dismissal of a prisoner's action"); Amick v. Ashlock, No. 04-1171 (8th Cir. 2004), 2004 WL 2603590 (unpublished opinion) (prisoner action can properly be dismissed where prisoner fails to pay initial partial filing fee as ordered); Link v. Wabash Railroad Co., 370 U.S. 626, 630-31 (1962) (federal court has inherent authority to "manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases").

RECOMMENDATION

Based upon the above, and upon all the records and proceedings herein,

IT IS HEREBY RECOMMENDED that:

1.  Plaintiff's application for leave to proceed in forma pauperis, (Docket No. 2), be

**DENIED**; and

2.  This action be **DISMISSED WITHOUT PREJUDICE**.


Dated: September 7, 2006                  s/Jeanne J. Graham


_____
JEANNE J. GRAHAM
United States Magistrate Judge

Pursuant to D. Minn. LR 72.2(b), any party may object to this Report and Recommendation by filing and serving specific, written objections by September 27, 2006. A party may respond to the objections within ten days after service thereof. Any objections or responses filed under this rule shall not exceed 3,500 words. A District Judge shall make a de novo determination of those portions to which objection is made. Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the United States Court of Appeals for the Eighth Circuit.